UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>N. DIAZ, et al.,<br><br>Defendants. | No. 1:19-cv-1612-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS AND DEFENDANTS<br><br>(Doc. No. 14)<br><br>CASE TO REMAIN OPEN |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 15, 2020, the magistrate judge filed findings and recommendations, recommending that certain claims be permitted to proceed, while others be dismissed for failure to state a claim. (Doc. No. 14.) The findings and recommendations were served on plaintiff and contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff did not file objections; rather, he previously indicated his desire to proceed with the complaint as screened and as set forth in the findings and recommendations. (Doc. No. 13.)

/////

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.[1]  Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 15, 2020 (Doc. 14), are adopted in full;

2. This action shall proceed on the following claims: (1) a First Amendment retaliation claim against Correctional Officer ("CO") Diaz, CO Garcia, CO Linon, and CO Ceballos; (2) a First Amendment mail mishandling claim against CO Diaz; (3) an Eighth Amendment excessive force claim against CO Garcia and CO Ceballos; and (4) an Eighth Amendment medical indifference claim against CO Ceballos; and

3. This case is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **December 10, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[1] Although this case was stayed for 90 days so that the parties could pursue alternative dispute resolution, Doc. No. 18, the stay order assumes adoption of the findings and recommendations and therefore cannot be read to bar the court from acting on the findings and recommendations.